IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLARA PEREZ and CHRISTINA ELIZABETH
PEREZ, minor child,

    Plaintiffs,

vs.                                                                                       Civ. No. 00-175 JP/KBM

COUNTY OF OTERO; RUDY CASTRO,
individually and in his capacity as
Otero County Sheriff's Deputy; and JOHN
LEE, individually and in his capacity as Otero
County Sheriff,

    Defendants.

MEMORANDUM OPINION AND ORDER

On July 20, 2000 the Plaintiffs filed a Motion for Default Judgment (Doc. No. 20). After a careful review of the briefs and the relevant law, I have determined that the Plaintiffs' motion for default judgment is not well-taken and should be denied.

The Plaintiffs move for a default judgment against Defendant Castro for failure to answer the complaint or serve a motion under Fed. R. Civ. P. 12(b). Federal Rule of Civil Procedure 55(b) sets out a two-step process for a party seeking a default judgment. First, the party must obtain the Clerk's entry of default against the opposing party. This is accomplished by notifying the Court through an affidavit or otherwise that the opposing party has failed to plead or defend the lawsuit. Fed. R. Civ. P. 55(a); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Second, the party must actually move the Court to enter the default judgment. Fed. R. Civ. P. 55(b)(2); *see also Meehan*, 652 F.2d at 276. The trial court is vested with broad discretion in deciding whether to enter a default judgment. *See Grandbouche v. Clancy*, 825 F.2d 1463,

1468 (10th Cir. 1987).

The Plaintiffs' motion for default judgment suffers from several flaws. First, the Plaintiffs have not obtained an entry of default judgment from the Clerk. Second, the Plaintiffs failed to effect proper service of process on Defendant Castro by leaving a copy of the complaint and summons at Defendant Castro's former place of employment. *See, e.g., Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *Gipson v. Bass River Tp.*, 82 F.R.D. 122, 125 (D.N.J.1979); *Tart v. Hudgins*, 58 F.R.D. 116, 117 (D.N.C.1972); *Cohen v. City of Miami*, 54 F.R.D. 274, 278 (D.Fla.1972). Third, the Plaintiff violated Fed. R. Civ. P. 5(a); D.N.M. LR-Cv 7.3(a)(1); and D.N.M. LR-Cv 7.3(a)(5) by failing to serve the motion for default judgment on counsel who had entered an appearance on behalf of the other Defendants and by not following the motion package rule. For these reasons, I find that the motion for default judgment should be denied.

The Defendants request an award of attorney's fees and costs for defending against the motion for default judgment. Federal Rule of Civil Procedure 11 provides a basis for such an award. Under that rule, Plaintiffs' actions must be objectively reasonable if sanctions are to be avoided. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir.1990), *cert. denied*, 498 U.S. 1069 (1991). Given that Plaintiffs' motion of default judgment was completely without merit, I find that the Defendants are entitled to the attorney's fees and costs they incurred in defending against this motion for default judgment.

IT IS ORDERED that Plaintiffs' Motion for Default Judgment (Doc. No. 20) is denied.

IT IS FURTHER ORDERED that on or before October 10, 2000, the Defendants will submit to the Court and opposing counsel an itemized list of attorney's fees and costs incurred in defending against this motion for default judgment. Plaintiffs' counsel may object to the

itemized list of attorney's fees and costs on or before October 20, 2000.

                                                                         */s/ James A. Parker*
                                          CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiffs: | David Proper and Jose L. Arrieta<br>Las Cruces, New Mexico |
| Counsel for Defendants: | Stephen G. French and Luis E. Robles<br>French & Associates, P.C.<br>Albuquerque, New Mexico |