IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLARA PEREZ and CHRISTINA
ELIZABETH PEREZ, a minor child,

    Plaintiffs,

vs.                                                                                    Civ. No. 00-0175 JP/KBM

COUNTY OF OTERO; RUDY CASTRO,
individually and in his capacity as Otero
County Sheriff's Deputy; and JOHN LEE,
individually and in his capacity as Otero
County Sheriff,

    Defendants.

MEMORANDUM OPINION AND ORDER

On July 11, 2000, Defendants County of Otero and John Lee (Defendants) filed a Motion to Dismiss No. I: State Constitutional Claims, State Law Tort Claims, Punitive Damages and Pre- and Post-Judgment Interest Claims Under the New Mexico Tort Claims Act (Doc. No. 16). After a careful review of the briefs and the relevant law, I have determined that the Defendants' motion to dismiss should be granted in part.

I. Background

The Plaintiffs allege that on February 11, 1998, Defendant Rudy Castro, a deputy sheriff, stopped Plaintiff Clara Perez for speeding and issued her a traffic citation. Clara Perez' child, Plaintiff Christina Perez, was in the car with her mother. After Clara Perez drove away from the scene of the traffic citation, Defendant Castro stopped Clara Perez again and ordered her out of the car and questioned her. At this time, a law enforcement heliocopter and SWAT team/K-9 unit arrived at the scene. The Plaintiffs allege that machine guns were pointed at them. Defendant

Castro then arrested Clara Perez and cited her for resisting, obstructing and evading an officer.

Count I of the Complaint alleges that Defendant Castro's actions amounted to assault and battery, and false imprisonment under state tort law. The Plaintiffs also allege that Defendant Castro violated the Fourth and Fourteenth Amendments of the United States Constitution, and that he violated Article II, §10 of the New Mexico Constitution (right to be free from an unreasonable search and seizure) and Article II, §18 of the New Mexico Constitution (right to equal protection of the law). Counts II and III are brought against the Defendant County under the doctrine of *respondeat superior* and NMSA 1978, §41-4-4(D)(1976) of the New Mexico Tort Claims Act (NMTCA). Count IV is a 42 U.S.C. §1983 claim against Defendant Castro in his individual capacity for alleged violations of the Fourth and Fourteenth Amendments. Count V is a 42 U.S.C. §1983 claim against Defendant Lee in his individual capacity for failure to adequately train and supervise Defendant Castro. Count VI is a 42 U.S.C. §1983 claim against Defendant County for failure to adequately train and supervise Defendant Castro as well as its custom, policy and/or practice of deliberate indifference to and reckless disregard of the Plaintiffs' constitutional rights. The Plaintiffs pray for an award of punitive damages from Defendants Castro and Lee plus prejudgment and postjudgment interest.

The Defendants argue in this motion to dismiss that 1) they are entitled to qualified immunity with respect to the state constitutional claims; 2) the state tort claims fail to meet the two year statute of limitations; 3) the NMTCA prohibits an award of punitive damages for state torts brought against persons in their official capacities; and 4) prejudgment or postjudgment interest is not allowed for state tort awards against state entities and state employees acting in their official capacities. The Defendants also ask for an award of attorney's fees and costs

2

incurred in bringing this motion.

II. Standard for a Motion to Dismiss

In considering a motion to dismiss for failure to state a claim, I must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). I may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III. Discussion

A. Qualified Immunity and the State Constitutional Claims

The Defendants argue first that they are entitled to qualified immunity with respect to the state constitutional claims. A state constitutional claim against a public entity or employee must be brought within the structure of the NMTCA. *See Chavez v. City of Albuquerque*, 124 N.M. 479, 482, 952 P.2d 474, 477 (Ct. App. 1997)(plaintiff may not seek damages from the city for violations of state constitutional rights unless immunity is waived under the NMTCA). Whether the doctrine of qualified immunity applies to the NMTCA is still an unanswered question in the State of New Mexico. *Romero v. Sanchez*, 119 N.M. 690, 696, 895 P.2d 212, 218 (1995). Since the Plaintiffs' state constitutional claims raise a novel and perhaps complex issue of state law, I decline to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. §1367(c)(1).[1]

---

[1] In addition to the question of whether qualified immunity applies to the NMTCA, the New Mexico courts have not yet addressed whether the NMTCA waives sovereign immunity for Article II, §18 claims made under the New Mexico constitution. *Blea v. City of Española*, 117

B. Statute of Limitations

The Defendants argue next that the Plaintiffs' state tort claims are barred by the two year statute of limitations under the NMTCA, NMSA 1978, §41-4-15(A) (1976). The statute of limitations distinguishes between minors and adults. "[A] minor under the full age of seven years shall have until his ninth birthday in which to file." *Id*. The statute of limitations may be raised in a motion to dismiss "where it is clearly apparent on the face of the pleading that the action is barred." *Apodaca v. Unknown Heirs of Following Persons Who Are Adjudged to be Owners and Proprietors of Tome Land Grant*, 98 N.M. 620, 623-24, 651 P.2d 1264, 1267-68 (1982)(citation omitted). The Complaint in this case does not state how old Christina Perez was at the time of her mother's arrest. Consequently, it is not clearly apparent from the face of the Complaint that the state tort claims brought by Christina Perez are time barred. The Defendants' motion to dismiss Christina Perez' state tort claims as time barred is, therefore, inappropriate and will be denied.

On the other hand, I find that the motion to dismiss is proper with respect to the statute of limitations defense raised against Clara Perez and her state tort claims. The Defendants contend that Clara Perez filed her lawsuit one day after the statute of limitations' deadline. According to the Defendants, the last day for filing a lawsuit is the day before the anniversary date of when Clara Perez knew or should have known of the injury which is the basis for her lawsuit. The New Mexico Supreme Court appears to agree with that method of calculating the statute of limitations. *See Marrujo v. New Mexico State Highway Transp. Dept.*, 118 N.M. 753, 756, 887 P.2d 747, 750 (1994)(final day of statute of limitations is the day before the anniversary date of a car

---

N.M. 217, 221-22, 870 P.2d 755, 759-60 (Ct. App. 1994).

accident which gave rise to the lawsuit); *Townsend v. State ex rel. State Highway Dept.*, 117 N.M. 302, 306, 871 P.2d 958, 962 (1994)(damage or takings that occurred before June 30, 1984, three years before the action was filed on June 30, 1987, are barred by three year statute of limitations). Applying this method of calculating the statute of limitations, Clara Perez was indeed one day late in filing her personal lawsuit. The state tort claims brought by Clara Perez are barred by the statute of limitations.

      C.  Punitive Damages

The Defendants also argue that the Plaintiffs are prohibited by the NMTCA from asking for punitive damages with respect to the state tort claims. Since I already found that the state tort claims brought by Clara Perez are barred by the statute of limitations, I need not address this issue regarding her. I, nonetheless, find that Christina Perez cannot obtain punitive damages from Defendants Castro and Lee in their official capacities on the state tort claims. *See* NMSA 1978, §41-4-19(B) (1976)("No judgment against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act shall include an award for exemplary or punitive damages....").

      D.  Prejudgment and Postjudgment Interest on a State Tort Claim Judgment

As with the punitive damages issue, since the state tort claims brought by Clara Perez are barred by the statute of limitations, I need not address the prejudgment and postjudgment interest issue with respect to her. I, however, find that Christina Perez is not entitled to prejudgment interest on a state tort judgment entered against the Defendant County and the individual Defendants in their official capacities. *See* NMSA 1978, §41-4-19(B) (1976)("No judgment against a governmental entity or public employee for any tort for which immunity has been waived

5

under the Tort Claims Act shall include an award for ... interest prior to judgment."). Moreover, Christina Perez is not entitled to postjudgment interest on a state tort judgment against the Defendant County and the individual Defendants in their official capacities. *See Trujillo v. City of Albuquerque,* 1998-NMSC-041, ¶¶ 46-47, 125 N.M. 721.

    E.  Attorney's Fees and Costs

Finally, the Defendants ask for an award of attorney's fees and costs incurred in bringing this motion to dismiss. I find that an award of attorney's fees and costs is not warranted. The Defendants' request for attorney's fees and costs will be denied.

IT IS ORDERED that the Defendants' Motion to Dismiss No. I: State Constitutional Claims, State Law Tort Claims, Punitive Damages and Pre- and Post-Judgment Interest Claims Under the New Mexico Tort Claims Act (Doc. No. 16) is granted in part.

IT IS FURTHER ORDERED that:

1) the state constitutional claims are dismissed without prejudice;

2) the Defendants' motion to dismiss Christina Perez' state tort claims as time barred is denied;

3) the state tort claims brought by Clara Perez are dismissed with prejudice;

4) Christina Perez' claim for punitive damages against Defendants Castro and Lee in their official capacities is dismissed with prejudice; and

5) Christina Perez' claims for prejudgment and postjudgment interest against the Defendant County and Defendants Castro and Lee in their official capacities are dismissed with prejudice.

IT IS ALSO ORDERED that the Defendants' request for attorney's fees and costs is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:       David Proper and Jose L. Arrieta
                              Las Cruces, New Mexico

Counsel for Defendants
County and Lee:               Stephen G. French and Luis E. Robles
                              French & Associates, P.C.
                              Albuquerque, New Mexico