IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLARA PEREZ and CHRISTINA
ELIZABETH PEREZ, a minor child,

    Plaintiff,
vs.                                                                     Civ. No.  00-0175 JP/KBM

COUNTY OF OTERO; RUDY CASTRO,
individually and in his capacity as Otero
County Sheriff's Deputy, and JOHN LEE,
individually and in his capacity as Otero
County Sheriff,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On July 11, 2000, the Defendants County of Otero and John Lee (Defendants) filed a Motion for Partial Summary Judgment No. I: Unreasonable Search and Seizure Claims Under the United States and New Mexico Constitutions and False Imprisonment Claim Under the New Mexico Tort Claims Act (Doc. No. 12). After a careful review of the briefs and the relevant law, I have determined that the Defendants' motion for partial summary judgment should be granted in part.

I. Background

On February 11, 1998, Defendant Rudy Castro arrested Plaintiff Clara Perez and cited her with reckless driving; speeding; and resisting, obstructing and evading an officer. As a result of the arrest, Clara Perez pled no contest to the charge of resisting a law enforcement officer. In exchange for the plea, the prosecutor dropped the reckless driving and speeding charges. Clara Perez now alleges in her Complaint that Defendant Rudy Castro conducted an unreasonable

search and seizure[1] under the Fourth Amendment of the Constitution of the United States and under the New Mexico Constitution, and falsely imprisoned Clara Perez in violation of the New Mexico Tort Claims Act (NMTCA) when he arrested her in February 1998.

II.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Id*.

III.  Discussion

The Defendants argue that Clara Perez' claims for unreasonable search and seizure under the Fourth Amendment and the New Mexico Constitution, and the NMTCA false imprisonment claim are collaterally estopped by her conviction for resisting an officer.  In the alternative, the Defendants argue that the Fourth Amendment claim for unreasonable search and seizure is not

---

[1]The Plaintiffs' unreasonable search and seizure claim is construed to be one for a false or illegal arrest of Clara Perez.  The Plaintiffs do not allege that the minor Plaintiff, Christina Perez, was arrested.  Moreover, none of the alleged facts in the Complaint suggest that Defendant Castro searched the Plaintiffs or their possessions.  Hence, it is my understanding that Christina Perez is not asserting a Fourth Amendment claim.

allowed under *Heck v. Humphrey*, 512 U.S. 477 (1994) because it challenges the legality of Clara Perez' conviction for resisting an officer. The Defendants also ask for an award of attorney's fees and costs they incurred in bringing this motion for partial summary judgment.

As a preliminary matter, I note that I have already dismissed without prejudice the Plaintiffs' state constitutional claims and have dismissed with prejudice Clara Perez' state tort claims including the claim for false imprisonment. Memorandum Opinion and Order (Doc. No. 35), filed Oct. 5, 2000. That being the case, this motion for partial summary judgment pertains only to Clara Perez' Fourth Amendment claims for unreasonable search and seizure. I will address the Defendants' *Heck* argument first.

The Supreme Court in *Heck* stated

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87. The Supreme Court further explained that if a person is convicted of and sentenced under state law for resisting an arrest and then brings a §1983 action against the arresting officer for violating the person's Fourth Amendment right to be free from an unreasonable seizure, the person would have to negate an element of the offense of conviction in

3

order to prevail in the §1983 action. *Id*. at 487 n.6. In that situation, the person's Fourth Amendment action would not be cognizable under §1983 regardless of such bars to suit as *res judicata* and presumably collateral estoppel unless the state conviction has already been invalidated. *See id*.

Here, Clara Perez' conviction for resisting an officer has not been invalidated. Following *Heck's* example regarding a state conviction for resisting an officer and subsequent Fourth Amendment claim for unreasonable seizure, I find that Clara Perez' Fourth Amendment claim for an unreasonable search and seizure is not cognizable under §1983. *See, e.g., Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)(applying footnote 6 of *Heck*). Consequently, there is no need to discuss whether that claim is collaterally estopped. I further find that attorney's fees and costs are not warranted.

IT IS ORDERED that the Defendants' Motion for Partial Summary Judgment No. I: Unreasonable Search and Seizure Claims Under the United States and New Mexico Constitutions and False Imprisonment Claim Under the New Mexico Tort Claims Act (Doc. No. 12) is granted in part.

IT IS FURTHER ORDERED that Clara Perez' Fourth Amendment unreasonable search and seizure claim will be dismissed with prejudice by a Final Partial Summary Judgment.

IT IS ALSO ORDERED that the Defendants' request for attorney's fees and costs is denied.

                                                 */s/ James A. Parker*
                                  CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs: David Proper and Jose L. Arrieta

                          Las Cruces, New Mexico

Counsel for Defendants
County and Lee:           Stephen G. French and Luis E. Robles
                            French & Associates, P.C.
                            Albuquerque, New Mexico